UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

In re:

    LAMBUTH UNIVERSITY,                    Case No. 11-11942-GHB
                                                                 Chapter11

    Debtor.

_____

**DEBTOR'S  EXPEDITED MOTION FOR ORDER (A) AUTHORIZING SALE OF SUBSTANTIALLY ALL ESTATE ASSETS FREE AND CLEAR OF LIENS, CLAIMS, RIGHTS, ENCUMBRANCES
AND INTERESTS; (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; (C) APPROVAL OF COMPROMISE AND SETTLEMENT; AND (D) OTHER RELATED RELIEF**

_____

Lambuth University, the debtor and debtor in possession (hereinafter "Debtor" or "Lambuth"), hereby moves this Court, pursuant to  11 U.S.C. §§  105, 363and 365, and Bankruptcy Rules 2002, 6004, 6006, 9014, and 9019 for an Order: (a) approving the sale of substantially all estate assets free and clear of all liens, claims, rights, encumbrances, and interests; (b) assumption and assignment of executory contracts, if any; (c) approval of compromise and settlement and (d) other related relief (hereinafter the "Motion"). In further support of this Motion, Debtor respectfully represents as follows:

JURISDICTION

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157, 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are sections 105, 363(b), (f) and (m), and 365 (a), (b), (f) and (k), and 1146(c) of Title 11 of the United States Code (the "Bankruptcy Code") and rules

1

2002(a)(2), 6004(a), (b), (c), (e) and (h), 6006(a) and (d), 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PARTIES AND JURISDICTION

1. The Debtor, Lambuth University, is a not for profit corporation organized and existing under the laws of the State of Tennessee.

2. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to §§ 1106 and 1107 of the Bankruptcy Code. No Trustee has been appointed. An Unsecured Creditors Committee has been appointed and is represented by counsel.

3. Lambuth was a private liberal arts university founded in 1843. It is located on a 50 acre campus in Jackson, Tennessee.

4. Debtor and The City of Jackson, Tennessee, Madison County, Tennessee, and The Industrial Development Board of the City of Jackson (collectively, the "Purchaser") executed a Purchase and Sale Agreement dated August 4, 2011 (the "Agreement") whereby the Purchaser will purchase substantially all of Debtor's assets (the "Assets") and convey them to the State of Tennessee. A copy of the Agreement is attached hereto as Exhibit 1, and incorporated herein by reference.

## BACKGROUND FACTS

5. On June 30, 2011, Debtor commenced a voluntary case under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Tennessee, Eastern Division (the "Court").

6. The Debtor had been suffering from severe financial problems for several years. They culminated in the loss of its accreditation by the Southern Association of Colleges and Schools. The loss of accreditation led to the cessation of its academic operations.

7. The Debtor has been marketing the sale of substantially all of its assets out of the ordinary course of business. In the course of that process, it has consulted with and continues to consult with the trustee for the holders of certain bonds (the "Bonds") issued for the benefit of Debtor, The Bank of New York Mellon Trust Company (the "Bond Trustee"), through Radian Asset Assurance Inc. ("Radian") and counsel for the Unsecured Creditors Committee. Radian is the insurer of scheduled principal and interest payments to the bondholders, is authorized to control all rights and remedies under the various documents, and to the direct the Bond Trustee to take such actions as are necessary and appropriate in addressing repayment, collateral, default issues, etc. Debtor believes that its assets have sufficient value to satisfy the current outstanding balance owed on the Bonds, administrative claims, unsecured priority claims, and a dividend to unsecured creditors.

8. In connection with its marketing efforts, the Debtor has allowed several interested parties to conduct due diligence inquiries. The Purchaser has provided the only proposal capable of closing.

9. The Debtor determined it was in the best interest of the creditors and parties-in-interest to file an immediate motion to sell instead of waiting for the conclusion of the plan process.

10. The Debtor's obligation to make payments of principal, interest, and other expenses with respect to the Bonds is secured by, *inter alia*, a senior lien on five of the Debtor's valuable campus buildings and other assets, including certain of the Debtor's personal property, and by a negative pledge on all of the Debtor's assets. As of the filing of this Motion, Debtor owes in excess of $5.3 million in principal, interest, and other expenses with respect to the Bonds.

11. The Debtor believes that the offer received is the highest and best offer presented.

12. In order to avoid deterioration in asset values, avoid continued, protracted litigation, and retire secured debt due under the Bonds which the Debtor has no other means to satisfy, the Debtor seeks to maximize value by consummating, as promptly as practicable, the sale of all or substantially all of its assets through an orderly sale process approved by the Court.

## MARKETING EFFORTS

13. Over the past few months, the Debtor has been marketing its assets. The Debtor has been in contact with a number of potential purchasers (at least 5) during the last several months. The Debtor communicated and solicited through various means a large number of potential buyers of the Debtor as an ongoing concern.

14. To date, the highest and best offer received by the Debtor to purchase the Debtor's assets was received from the Purchaser. The Purchaser seeks to purchase the Assets as manifested in the Agreement.

15. In light of the risk that the value of the Assets will erode, and in an effort to maximize value by proceeding with the best available offer to purchase the Assets, the Debtor seeks in this Motion to sell, assume and assign certain executory contracts, and to sell the assets free and clear of liens, claims, interests, and encumbrances. It is important the sale be approved and consummated as soon as possible.

16. The Agreement is the result of arms-length, extensive negotiations between the parties over a period of many weeks.

## RELIEF SOUGHT

17. The Debtor requests approval of the sale of substantially all assets of the Debtor to the Purchaser pursuant to the terms and conditions set forth in the Agreement.

18. Contemporaneous with the sale of the Assets, Debtor seeks to assume and assign unexpired leases and executory contracts to be identified in the Agreement. Upon approval of the assumption of the Debtor's interest in certain unexpired leases and executory contracts, Debtor seeks to assign its assumed interests to Purchaser or the successful bidder pursuant to the terms and conditions set forth in the Agreement.

19. Pursuant to Section 365(k) of the Bankruptcy Code, Debtor requests that the unexpired leases and executory contracts constituting the assumed contract shall, upon assignment to any successful bidder, be deemed valid and binding and in full force and effect and enforceable in accordance with its terms, and the Debtor shall be relieved from any further liability with respect thereto after the assignment.

20. Debtor requests that the settlements contemplated in the Agreement and in this Motion be approved pursuant to Fed. R. Bankr. P. 9019.

21. Debtor requests that the provisions of Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d) which would otherwise stay any order approving the sale and assignment of contracts as requested herein, be waived to allow the sale to close as quickly as possible.

APPLICABLE AUTHORITY

**Assumption and Assignment**

22. Section 365(a) of the Bankruptcy Code provides that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A bankruptcy court's discretion to approve a debtor's decision to assume or reject an executory contract is limited to a determination regarding whether such decision is a valid exercise of the debtor's business judgment. *See Century Brass Prods., Inc. v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. (In re Century Brass Prods.,*

5

*Inc.)*, 795 F.2d 265, 271 (2d Cir. 1986), *cert. denied*, 479 U.S. 948 (1986). Business judgment is not a strict standard, it merely requires a showing that either assumption or rejection of the lease or contract will benefit the debtor's estate. *See Borman's Inc. v. Allied Supermarkets, Inc.*, 706 F.2d 187, 189 (6th Cir. 1983); *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984). Courts routinely approve motions to assume or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See, e.g.*, *Century Brass Prods.*, 795 F.2d at 271; *Control Data Corp. v. Zelman (In re Minges)*, 602 F.2d 38, 42 (2d Cir. 1979); *In re Child World, Inc.*, 147 B.R. 847, 850 (Bankr. S.D.N.Y. 1992).

23. Application of the business judgment rule requires a court to accept a debtor's decision unless "it is shown that the [debtor's] decision one taken in bad faith or in gross abuse of the [debtor's] retained discretion." *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*, 756 F.2d 1043, 1047 (4th Cir. 1984); *cert. denied*, 475 U.S. 1057 (1987). Courts have uniformly deferred to the business judgment of a debtor to determine whether the assumption of an executory contract would be beneficial to the estate and is therefore appropriate under section 365(a) of the Bankruptcy Code. *See, e.g.*, *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993) *cert. denied*, 511 U.S. 1026 (1994).

24. Debtor has determined in an exercise of its business judgment that approval of the assumption of certain unexpired leases and executory contracts, in accordance with the terms set forth herein and in the Agreement is in the best interest of the Debtor and the bankruptcy estate. Such actions will provide benefit to the Debtor's bankruptcy estate.

25. A sound business reason exists for assumption and assignment of certain unexpired leases and executory contracts to Purchaser in connection with the Sale.

26. The Debtor seeks court approval to assume and assign to Purchaser the unexpired leases and executory contracts.

27. Section 365 of the Bankruptcy Code permits a debtor to both assume and assign an executory contract upon the authority of the Bankruptcy Court after notice and a hearing. The question whether an executory contract should be rejected, and if not, on what terms it should be assumed, is one of business judgment. *See NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago. Milwaukee, St. Paul and Pacific R. Co.*, 318 U.S. 523, 550 (1943), *reh'g denied Group of Institutional Investors v. Abrams*, 318 U.S. 803 (1943); *In re Orion Pictures Corp.*, 4 F.3d 1095 (2nd Cir. 1993); *Richmond Leasing Co. v. Capital Bank N.A.*, 762 F.2d 1303 (5th Cir. 1985).

28. The Debtor believes that the assumption and assignment of certain unexpired leases and executory contracts as requested under the Agreement and this Motion are within the sound business judgment of the Debtor.

29. Debtor does not believe any amounts are owing to the non-debtor parties to the unexpired leases and executory contracts and assumed contract(s). Thus, cure procedures are not necessary.

30. Debtor requests that the assumed leases and contracts shall, upon assignment to Purchaser, be deemed to be valid and binding and in full force and effect and enforceable in accordance with their terms, and the Debtor's estate shall be relieved from any further liability with respect thereto after their assignment pursuant to section 365(k) of the Bankruptcy Code.

**The Sale Should Be Approved Pursuant to 11 U.S.C. § 363**

31. Debtor also requests approval to sell its Assets. The proposed sale should be approved as fair, reasonable and in the best interests of the estate.

32. Section 363(b)(1) provides, in relevant part, that a "trustee, after notice and a hearing, may … sell .. . . other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

33. Bankruptcy Code section 363(b) and Rule 6004 of the Federal Rules of Bankruptcy Procedure permit a debtor to sell assets of the estate, including executory contracts, outside of its ordinary course of business, after notice and a hearing. *See, eg., In re Qintex Entertainment, Inc*., 950 F.2d 1492, 1495 (9th Cir. 1991). In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public auction. *See* Fed. R. Bankr. P. 6004(f)(1).

34. Here, Debtor asserts that Purchaser is the highest bidder for the Assets, and sale of the Assets should be approved via a private sale. If a sound business purpose exists, the sale of property of the estate should be authorized pursuant to section 363 of the Bankruptcy Code. *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983) (setting forth the "sound business purpose" test).

35. Courts have approved the sale of assets of a debtor, where absent such sale the debtor would likely free fall into liquidation resulting in material adverse harm to creditors. *See e.g., In re TWA*, 2001 Bankr. LEXIS 980, *32-33 (Bankr. D. Del. 2001) ("The purpose of a § 363(b) sale is to maximize the benefit to the debtor's entire estate.").

36. Although section 363(b) does not provide an express standard for determining whether the court should approve a particular proposed sale, courts have examined (i) whether the proposed transaction has a valid business justification or good business reason, (ii) whether

8

the sale is the result of good faith negotiations, and (iii) whether the proposed purchase price is fair and reasonable. *McClung*, 789 F.2d at 390; *See also In re Abbotts Dairies of Agreement., Inc.*, 788 F.2d 143, 146, 149-50 (3rd Cir. 1986. All three of these factors are satisfied here.

37. There is a valid business justification and sound business reason to approve the sale.

38. The Debtor has reached the conclusion that a prompt asset sale is necessary based upon consideration of many factors, including its rapidly accumulating losses, very modest and dwindling cash reserves, defaults under its secured debt, accumulation of unpaid trade debt, its cessation of academic affairs due to the loss of accreditation, and its inability to obtain new equity or debt financing. The Debtor has concluded, in the exercise of its business judgment, that a prompt asset sale to a financially capable buyer represents the best manner in which to preserve the going concern and maximize value to creditors of the debtor's Chapter 11 estate. The proposed sale is therefore warranted.

39. The proposed sale will provide fair and reasonable consideration to the Debtor's estate.

40. The Agreement represents the best offer received to date by the Debtor for the Assets. It was entered into after an extensive marketing process, and the consideration to be paid under the Agreement is fair and reasonable.

41. Pursuant to section 363(f), the sale shall be free and clear of all liens, claims, rights, interests, and encumbrances.

42. Section 363(f) provides, in relevant part, that a trustee may sell property under subsection (b) . . . free and clear of any interest in such property of an entity other than the estate, only if—

    a. applicable non-bankruptcy law permits sale of such property free and clear of such interests;

    b. such entity consents;

    c. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d. such interest is in bona fide dispute; or

    e. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)(1)-(5).

43. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Debtor's sale of the Assets free and clear of all liens and claims, See 11 U.S.C. § 363(f); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (Section 363(f) written in disjunctive; court may approve sale "free and clear" provided at least one of the subsections is met); *In re Elliot*, 94 B.R. 343 (E.D. Pa. 1988) (same).

44. Based on the settlement set forth herein regarding the Bonds, Radian consents to the sale pursuant to 11 U.S.C. Section 363(f)(2).

45. Valid, enforceable liens, claims, and interests against or in the Assets shall attach to the proceeds of the sale in the order of their relative priority. 11 U.S.C. § 363(e) (on request of party holding interest in property of the estate, court shall condition sale under Section 363 "as is necessary to provide adequate protection of such interest"); *In re P.K.R. Convalescent Ctrs, Inc.,* 189 B.R. 90, 94 (Bankr. E.D.Va. 1995) (a sale under Section 363(f) is subject to the adequate protection requirement); S.Rep. No. 989, 95th Cong., 2d Sess. 345 (1978) ("Most often,

adequate protection in connection with a sale free and clear of other interests will be held to have those interests attach to the proceeds of the sale."). As such, the lien in favor of the Bond Trustee shall attach to the proceeds of the sale and shall be paid at closing.

46. The Debtor believes the sale is in the best interest of creditors and the estates and that, together with approval of the sale, assumption and assignment of the unexpired leases and executory contracts as required under the Agreement is within the sound business judgment of the Debtor.

47. Accordingly, the Debtor should be authorized to sell the Assets to the Purchaser free and clear of all liens and claims pursuant to Section 363(f) of the Bankruptcy Code as a sound business reason exists for assumption and assignment of the leases and executory contracts and the sale of the Assets to Purchaser.

48. Debtor also would show that the proposed sale is in good faith, and the protections of 11 U.S.C. § 363(m) should be afforded.

### The Compromise and Settlement with Radian Should be Approved

49. As of the filing of this Motion, the Debtor owes unpaid principal, interest, and other expenses with respect to the Bonds that exceeds $5.3 million. That debt is secured by five valuable campus buildings, a negative pledge agreement, and a personal property lien.

50. For an extended period, Radian and Debtor have negotiated regarding the amount of the price for the sale of the Assets and the amount to be paid in satisfaction of the amounts due under the Bonds. They have expressed widely divergent positions on these and other matters. Radian and Debtor have reached a compromise and settlement of all claims against the estate and against the Bond Trustee and Radian.

51. Under the compromise and settlement, the bondholders will be allowed a secured claim of $5,000,000.00 to be paid at the closing of the sale of Assets if approved according to the terms of this Motion. Further, the bondholders would not assert any further claims, including any unsecured claim in excess of $300,000.00.

52. Further, assuming the sale is approved and closed as set forth herein, Radian has agreed to cease all litigation, including certain motions (e.g., the appointment of a Chapter 11 trustee), an objection to a contested Section 363 motion, and related discovery that would add extensive costs to the estate administration. Additionally, Radian has agreed not to assert the right of the Bond Trustee to credit bid pursuant to its rights under 11 U.S.C. Section 363(k). Under this agreement, an Order granting this Motion effective upon entry is required by October 25, 2011 and is not stayed or appealed, and the $5,000,000 payment is required to be received by December 28, 2011. Should these time frames not be met, Radian has the option to declare its agreement and this settlement null and void and any Order granting this Motion would be vacated such that the parties would be returned to their pre-settlement posture.

### Waiver of Fourteen Day Stay of Sale Order and Notice

53. Pursuant to Fed. R. Bankr. P. 6004 and 6006, an order authorizing the sale of a debtor's assets or the sale, assumption and assignment of an executory contract "is stayed until the expiration of 14 days after the date of the entry of the order, unless the court orders otherwise." *See* Fed. R. Bankr. P. 6004(h) and 6006(d).

54. The Debtor requests that the stay imposed by Fed. R. Bankr. P. 6004(h) and 6006(d) upon orders authorizing the use, sale or lease of property, and assignment of contracts, respectively, be waived under the circumstances of this case.

12

55. It is in the interest of the Debtor's creditors and estates that the sale be consummated as quickly as possible without any stay pending appeal in light of Debtor's financial condition and substantial reduction in ongoing operational costs after the sale closes.

56. Notice of this Motion is being provided in the manner indicated on the certificate of service listed below demonstrating service to the following parties or, in lieu thereof, to their counsel, if known: (i) Purchaser; (ii) Radian; (iii) the twenty largest unsecured creditors; (iv) the U.S. Trustee; (v) I.R.S. (vi) Tennessee Attorney General, (vii) the Bond Trustee, (viii) all parties in interest requesting notice, and (ix) all other creditors and interested parties.

57. Since the Debtor has served this Motion upon all of its creditors, interest holders, and other parties-in-interest, any person having any objection to the Motion will be afforded a reasonable opportunity to voice any objections or concerns. Accordingly, the Debtor is aware of no prejudice that would be caused by the Court's waiver of Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d).

58. The Debtor believes that such notice is sufficient and adequate under the circumstances.

WHEREFORE, the Debtor respectfully requests that the Court enter its Order as follows:

1. Approving the Motion and authorizing the Debtor to consummate and carry out the sale of the Assets as described in the Motion and the Agreement and to undertake the obligations or other matters imposed, required or provided for therein such that, among other things, the Debtor may sell assets, assign contracts and leases, and grant or exchange releases as provided for in the Motion and Agreement as required thereby;

2. Authorizing the Debtor, pursuant to Section 365(a), to assume and assign the unexpired leases and executory contracts, which assumption and assignment, without any further

13

order of this Court being required, to occur upon Closing;

3. In accordance with Section 365(k) of the Bankruptcy Code, determining that the assignment by the Debtor of the unexpired leases and executory contracts relieves the Debtor and the bankruptcy estate from any liability for any breach of such unexpired leases and executory contracts occurring after such assignment, except as may be expressly provided to the contrary in the Agreement or related agreements between the Debtor and Purchaser;

4. Under 11 U.S.C. § 363(f) and without further order of the Court, approving the sale of the Assets free and clear of all liens, claims, and encumbrances other than as expressly set forth in the Motion and the Agreement, with any such existing liens, claims, interests or encumbrances not paid prior to or concurrently with the Closing attaching to the proceeds of the sale allocable to the property which was subject to the particular liens, claims, interests, and encumbrances in the same order and priority as such liens, claims, or encumbrances had prior to the Closing;

5. Determining that the Purchaser is a good faith purchaser of Debtor's assets such that 11 U.S.C. § 363(m) will be applicable;

6. Finding that the terms of the sale are fair and reasonable, and the Purchaser is paying reasonably equivalent value for the Assets;

7. Finding the compromise and settlement with Radian to be fair and equitable and in the manifest best interest of the estate.

8. Waiving the provisions of Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d) under the circumstances;

9. For such other and further relief as the Court deems appropriate.

Respectfully Submitted,

/s/ Steven N. Douglass
Steven N. Douglass (TN Disc. No. 09770)
2700 One Commerce Square    Memphis, Tennessee 38103
Telephone: (901) 525-1455
Facsimile: (901) 526-4084
Email: sdouglass@harrisshelton.com
*Proposed Counsel for the Debtor and Debtor-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2011, I served copies of the foregoing electronically filed Motion and any Exhibit attached thereto either via U.S. mail or via electronic mail upon the matrix.

/s/ Steven N. Douglass
Steven N. Douglass